**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MISAEL ANTONIO ALVARADO-
DAVILA, Francisco Javier Fonseca-
Davila,

           Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

           Respondent.

No. 08-71061

Agency No. A079-043-982

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:    B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

    Misael Antonio Alvarado-Davila, a native and citizen of Nicaragua, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his application for asylum.  We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings and review de novo legal determinations.  *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).  We deny the petition for review.

Substantial evidence supports the agency's determination that Alvarado-Davila did not establish past persecution.  *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009) (harm to others must be closely tied to petitioner); *see also Gormley v. Ashcroft*, 364 F.3d 1172, 1177-78 (9th Cir. 2004) (mere economic disadvantage or discrimination does not amount to persecution).  Substantial evidence also supports the agency's determination that Alvarado-Davila does not have a well-founded fear of persecution on account of his family membership because his siblings, who are similarly situated, live unharmed in Nicaragua.  *See Santos-Lemus v. Mukasey,* 543 F.3d 738, 743 (9th Cir. 2008).

To the extent the Alvarado-Davila contends the IJ failed to consider his fear of persecution on account of political opinion, independent of his social group claim, the contention is unexhausted.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Petitioner's remaining challenges to the denial of his asylum claim are unavailing.  Accordingly, his asylum claim fails.

**PETITION FOR REVIEW DENIED.**

08-71061